SILER, Circuit Judge,
dissenting.
I respectfully dissent from the majority opinion that Vail-Bailon’s prior conviction for felony battery in violation of Fla. Stat. §784.041 fails to qualify as a crime of violence under USSG §2L1.2. I do not quarrel with the procedure outlined in the majority opinion as to how we approach the analysis. Moreover, I agree with Part III. A. that mere touching does not meet the definition of “violent force.” As the majority states, that constitutes the'misdemeanor crime of simple battery under Fla. Stat. § 784.03(l)(a). See Johnson v. United States, 559 U.S. 133, 140, 130 S.Ct. 1265, *1100 1270-71, 176 L.Ed.2d 1 (2010) (Curtis Johnson).
Nevertheless, 1 disagree with the conclusions made in Part II. B. that the crime described in Fla. Stat. § 784.041 is not a “crime of violence” under the “elements clause.” The • Supreme Court defined “physical force” under the Armed Career Criminal Act (ACCA) as a “violent force— that is, force capable of causing physical pain or injury to another person.” Id. (citing Flores v. Ashcroft, 360 F.3d 666, 672 (7th Cir. 2003)). Although Johnson involved the definition of “physical force” under the ACCA, .we have previously observed that the “elements clause” for “violent felony” under the ACCA and “crime of violence” under USSG § 2L1.2(b)(l)(B) “is the same.” See United States v. Romo-Villalobos, 674 F.3d 1246, 1248 (11th Cir. 2012). Instead of focusing on the language in Johnson, the majority pivots to Johnson’s citation to Flores, in which the Seventh Circuit defined “physical force” as “the sort that is intended to cause bodily injury,' or at a minimum .likely to do so.” Flores, 360 F.3d at 672. However, we should not rely on Flores, but we should follow the definition of “physical force” offered in Johnson, “force capable of causing physical pain or injury to another person.” 659 U.S. at 140, 130 S.Ct. at 1271. Why do we need to speculate about the definition of “physical force” when the Supreme Court provided one in Johnson? The Supreme Court was aware of the mens rea language used in Flores and chose not to use it. Instead, the operative word is “capability”—that is, the crime must be capable of causing physical injury. See id.
To be found guilty of violating § 784.041, the defendant must be more than capable of causing bodily injury since he must in fact cause “great bodily harm.” The majority states that “[n]or can it be that, in a given case, the fact that a mere touching actually does result in great bodily harm somehow change[] the character of the mere touching from an action that is not likely to result in bodily harm to one that is likely to result in bodily harm.” However, the issue from Johnson is whether the defendant’s action is capable of causing bodily injury, not whether it is likely to cause injury. If something necessarily results from the touching, then the logic is that it had to have been capable of that result from the beginning.
The majority also attempts to analogize § 784.041 to the statute at issue in Leocal v. Ashcroft, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). That case involved a violation of Fla. Stat. § 316.193(c)(2) for driving under the influence of alcohol (DUI) and causing serious bodily injury. The Court held that a violation of § 316.193(e)(2) did not constitute a “crime of violence” under 18 U.S.C. § 16. The majority suggests that the DUI statute at issue in Leocal contains an element with a similar mens rea as § 784.041—intentional-ly driving a vehicle. But that is not .the proper element to analogize the “touching” element in this case. Rather, the Supreme Court was concerned in Leocal that a person could be found guilty under § 316.193(c)(2) without any intentional use of force, that is, someone could be convicted by negligently or accidentally hitting a person with , a vehicle. It is this missing hitting element in § 316.193(c)(2) that, distinguishes Leocal from the present case. Unlike in the statute in Leocal, even in the least culpable formulation of § 784.041, a defendant must engage in intentional force by intending to touch someone.
In conclusion, I would find that the crime of felony battery under Florida law satisfies the “elements clause” of the definition of “crime of violence” contained in § 2L1.2 of the Guidelines. Therefore, I *1101 would affirm the sentence in the district court.